UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CRIMINAL ACTION NO. 4:25-CR-00027-GNS-HBB-1

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

JAMES B. SCOTT                                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Objection (DN 41) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 40) regarding Defendant's Motion to Suppress (DN 28).  The matter is ripe for adjudication.

### I.    BACKGROUND

Defendant James B. Scott ("Scott") was a passenger in a vehicle stopped by police.  (R. & R. 1, DN 40).  A search of the vehicle found methamphetamine in the passenger compartment and trunk.  (R. & R. 2).  Scott and the other occupants of the vehicle were arrested at the scene.  (R. & R. 2).  Scott was read his *Miranda* rights at this time and while he did not explicitly waive those rights, he answered the questions of officers at the scene.  (R. & R. 2).  Scott was then taken to the Hopkins County Jail where he was questioned by Detective Brad Ross ("Ross") and made several incriminating statements.  (R. & R. 2).  While Ross testifies that he read Scott his rights, Scott denies ever being advised of his rights before questioning.[1]  (R. & R. 2).

Scott was charged with a single count of conspiracy to possess with the intent to distribute a controlled substance.  (R. & R. 1).  Scott moved to suppress the incriminating statements he

---

[1] The parties agree that Ross was read his rights at the traffic stop.  (R. & R. 2).

1

made to Ross during questioning.  (Def.'s Mot. Suppress, DN 28).  After an evidentiary hearing, the Magistrate Judge recommended that the motion be denied.  (R. & R. 12).

## II.    STANDARD OF REVIEW

District courts review a magistrate judge's report and recommendation of disposition on a defendant's motion to suppress evidence de novo.  *See* 28 U.S.C. § 636(b)(1)(A), (B); *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2004).

## III.    DISCUSSION

The Magistrate Judge recommended denial of Scott's Motion to Suppress.  (R. & R. 12).  Scott objects to the Magistrate Judge's determination that Ross's testimony was more credible than Scott's testimony.

Both Scott and the Magistrate Judge agree that the key issue in this instance is the Court's assessment of Scott and Ross's credibility as to whether Ross read Scott his rights.[2]  (R. & R. 3 ("The case at hand calls upon the Court to make a credibility determination between the testimonies of Scott and [] Ross as to whether [Ross] read the rights advisement.");  Def.'s Obj. 1-2).  Ross and Scott presented two different versions of events in their testimony at the suppression hearing.  Ross states that he did inform Scott of his rights under *Miranda*, but this was not captured in Ross's recording of the interview because he forgot to turn on the recording device.  (Hr'g Tr.

---

[2] Scott "continues to assert the arguments set forth in the initial motions to suppress, and the subsequent brief, and incorporates those arguments by reference . . . ."  (Def.'s Obj. 1).  "That statement, however, does not constitute a 'specific written objection to the proposed findings and recommendations' as required by Fed. R. Civ. P. 72(b)(2)."  *United States v. Chaplin*, No. 1:16-CR-00001-GNS, 2017 WL 1365226, at *3 (W.D. Ky. Apr. 7, 2017) (internal quotation marks omitted) (citing *Edwards v. Niagara Credit Sols., Inc.*, 586 F. Supp. 2d 1346, 1348 (N.D. Ga. 2008)), *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009); *Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  (citation omitted))).

2

21:9-12, 22:21-23:8, Apr. 22, 2026, DN 36).  Scott, on the other hand, insists that he was not read his *Miranda* rights by Ross at the jail.  (Hr'g Tr. 50:4-18).  If Ross's version of events is believed, then Scott was properly Mirandized and his statements from the interview should not be suppressed.  If Scott's version of events is true, however, then he was not properly informed of his rights and his statements should be suppressed.

In making his credibility determination, the Magistrate Judge noted that Scott had more to gain than Ross by lying.  If Ross indeed failed to inform Scott of his rights, then the consequence would be the suppression of Scott's statements.  If Ross then lied about this alleged failure on the witness stand, he could be charged criminally and lose his job as a detective.  (R. & R. 8).  Scott, however, has much to gain and little to lose by lying:  if convicted in this case, he faces significant jail time and his statement to Ross will likely be a significant element of the government's case against him.  Any potential penalty for perjury would be insignificant in comparison.  Accordingly, the Court agrees with the Magistrate Judge's credibility determination.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Objection (DN 41) is **OVERRULED**, the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 40) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Defendant's Motion to Suppress (DN 28) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
July 21, 2026

cc:    counsel of record

3